**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TIMOTHY W. BIELER, | Case No.: 3:25-cv-00417-ART-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 9 |
| STATE OF NEVADA, et al., | |
| Defendants | |

Plaintiff, an inmate in the custody of the Washoe County Detention Facility ("WCDF"), filed a 42 U.S.C. § 1983 complaint and application for leave to proceed in forma pauperis. On February 12, 2026, the District Judge adopted this court's report and recommendation, granting Plaintiff's IFP application and dismissing the complaint -- with prejudice as to the State of Nevada and U.S.A. and without prejudice, with leave to amend, in all other respects. (*See* ECF No. 5.)

On March 19, 2026, Plaintiff filed an amended complaint (ECF No. 9), which the court now screens.

**I. SCREENING**

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of]

a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Initially, the court notes that Plaintiff again has named the State of Nevada. The court's order of February 12, 2026, dismissed the State of Nevada with prejudice. The State of Nevada is not therefore a proper party to the complaint.

In the amended complaint, Plaintiff alleges a claim of false arrest/imprisonment. He asserts he was arrested on January 5, 2025, and kept in detention at Washoe County Detention Facility for eight days on unknown charges. He was released with "File Not Found" paperwork. He asserts he does not remember anything due to being plunged in cold water. (ECF No. 9 at 3.)

The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches and seizures." U.S. Const. amend. IV. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment provided the arrest was without probable cause or other justification." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted); *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause."). "Probable cause exists if the arresting officers had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the

arrestee] had committed or was committing a crime." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097-98 (9th Cir. 2013) (citation and quotation marks omitted).

Like the original complaint, the amended complaint fails to allege sufficient facts to state a plausible claim of false arrest/imprisonment against any named defendant. Plaintiff does not identify who – even if a John or Jane Doe defendant – was involved in his arrest and detention, and he neither alleges that he was arrested without probable cause nor provides facts sufficient to support a reasonable inference of such. As Plaintiff was previously advised, a complaint will fail to state a claim if Plaintiff does not allege how each officer, even if unidentified, was involved in the constitutional violations Plaintiff claims. As before, Plaintiff's complaint lacks these allegations and therefore fails to state a claim against any Doe defendant.

Further, Plaintiff now brings claims against Washoe County Detention Facility and Washoe County Sheriff's Office, in addition to the City of Reno and Washoe County. However, each of these defendants is a municipality, which may be held liable under § 1983 only under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978).

A municipality may not be sued under a respondeat superior theory because it employed an alleged wrongdoer. *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019). Rather, a municipality may be liable under § 1983 for "constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Id.* at 602-03. "To impose liability on a municipality under Section 1983, a plaintiff must prove: "(1) [the plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy is the moving

force behind the constitutional violation." *Gordon v. Cty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (*Gordon II*) (internal quotation marks and citation omitted).

Plaintiff's complaint does not allege any facts sufficient to support a claim of municipal liability and accordingly fails to state a claim as to the City of Reno, Washoe County, Washoe County Detention Facility, and Washoe County Sheriff's Office.

The first amended complaint will therefore be dismissed, but the court will grant Plaintiff an additional opportunity to amend his complaint to address the deficiencies outlined above.

**C. Motion for Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel. (ECF No. 9 at 5.) "[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015).

In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015).

At this juncture, Plaintiff has failed to state any claim for relief. Accordingly, Plaintiff's motion for appointment of counsel will be denied without prejudice.

## II. CONCLUSION

(1) The first amended complaint (ECF No. 9) is **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND**.

(2) The motion for appointment of counsel (ECF No. 9 at 5) is **DENIED WITHOUT PREJUDICE**.

(3) The Clerk shall **SEND** Plaintiff the instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

(4) Plaintiff has **30 DAYS** from the date of this Order to file a second amended complaint curing the deficiencies noted above. The second amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall check the box for the second amended complaint on the court's form civil rights complaint and list this case number in the caption. If Plaintiff fails to file an amended complaint within the 30 days, this action may be dismissed.

**IT IS SO ORDERED**.

Dated: April 2, 2026

_____
Craig S. Denney
United States Magistrate Judge